IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVIS HOWARD,<br><br>   Plaintiff,<br>v.<br><br>LMI TECH SYSTEMS, LLC,<br><br>   Defendant.<br>_____ | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Travis Howard ("Plaintiff"), and files this Complaint against Defendant LMI Tech Systems, Inc. ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended,

29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Georgia corporation and resides in this district.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.     Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from May 2018 to on or about August 29, 2022 with the job title project coordinator.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was non-exempt work, specifically supporting technicians, providing them with information and escalating any complaints they may have.

9.

When Plaintiff was hired, he was hired on a salary basis and was paid without overtime compensation, calculated at one and one half times his regular rate, for the hours he worked in excess of 40 in work weeks.

10.

In or about November or December 2020, Defendant began paying Plaintiff on an hourly basis, during which time they paid him overtime compensation.

11.

In or about May of 2021, Defendant began paying Plaintiff on a salary basis again, without overtime compensation, calculated at one and one half times his regular rate, for the hours he worked in excess of 40 in work weeks.

12.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

13.

During the period in which he was paid on a salary basis from the beginning of his employment until November or December 2020, and then again from around May of 2021 until the end of his employment in or about the end of August 2022, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks. The statutory period for which Plaintiff seeks to recover unpaid overtime is the periods of employment, within (3) years of the filing of this Complaint, in which he was paid on a salary basis.

14.

Around November or December 2020, Defendant started to require Plaintiff to fill out time sheets to record the hours he had worked, but when Plaintiff returned to being a salaried employee in or around May of 2021, Defendant told him to stop recording his hours.

15.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

17.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

18.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

19.

Throughout Plaintiff's employment in which he was paid on a salary basis, Defendant misclassified Plaintiff as exempt from overtime.

## Count I

### Violations of the Fair Labor Standards Act

20.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

22.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

23.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three year statute of limitations.

24.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

25.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to

its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

### IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D)   Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 13th day of December, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

PO BOX 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com